NOT FOR PUBLICATION                        (Docket No. 11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                              :
STEPHEN MATHIES,              :
                              :
          Plaintiff,          :   Civil No. 04-2882 (RBK)
     v.                       :   OPINION
                              :
SETH SILVER AND               :
MARIA MARTINEZ                :
                              :
          Defendants.         :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court on motion by Maria Martinez to dismiss Plaintiff Stephen Mathies's ("Plaintiff") complaint for failure to serve. For the reasons set forth below, the Court grants Defendant Martinez's motion to dismiss.

## I.   Background

Plaintiff, an inmate confined at Federal Correctional Institute ("FCI") Fairton, New Jersey, alleges that on August 28, 2001, while incarcerated, Plaintiff underwent surgery to repair a ruptured achilles tendon.  Defendant Seth Silver, an orthopedic surgeon under contract with the federal government to provide medical services, performed the surgery.  Plaintiff alleges that his achilles tendon did not properly heal, and that Defendant Silver failed to provide adequate follow-up care.  Plaintiff also alleges that Defendant Martinez, a nurse practitioner in the

Health Services Unit at the prison, denied him immediate access to a physician when his wound became infected after surgery. Specifically, Plaintiff alleges that Defendant Martinez placed him on sick call, which resulted in a three-day delay in seeing a physician.  Plaintiff alleges that this delay led to additional pain and disability because of the severity of the infection in the surgical wound.

Plaintiff initially filed this action in the United States District Court for the District of New Jersey pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on June 21, 2004.[1] Plaintiff also submitted an application to proceed in forma pauperis ("IFP"). After paying the filing fee, the clerk formally filed the complaint on July 16, 2004.[2] On September 16, 2005, the clerk forwarded blank summonses to Plaintiff.  On February 6, 2006, the clerk noticed this case for possible dismissal for failure to accomplish service on Defendants.  On February 24, 2006, the Court extended the time for Plaintiff to effect service until March 24, 2006.

In an Order dated May 15, 2006, this Court again extended

---

[1]    A <u>Bivens</u> action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived plaintiff of a constitutional right.  <u>Bivens</u> actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

[2]    The docket does not reflect that this Court ever granted Plaintiff's application to proceed IFP.

the time allotted for Plaintiff to effectuate service until June 16, 2006.  In this Order, this Court referred to a letter from Plaintiff to the Court, dated March 16, 2006, in which Plaintiff attached summonses, unsigned by the Clerk of the Court, for both Defendants Martinez and Silver, as well as a signed certified mail receipt addressed to Defendant Martinez at her work, and an unsigned certified mail receipt addressed to Defendant Silver, indicating he was no longer at the address provided.  Also in this Order, this Court specifically detailed the requirements of service pursuant to Rule 4, taking care to note that Plaintiff could not effect service upon Defendants, officers or employees of the United States, by certified mail.  The Order also stated that the Clerk of the Court must sign the summonses.

In a letter dated May 26, 2006, Plaintiff told the Court he effected service.  Plaintiff enclosed certified mail receipts addressed to the Attorney General of the United States and the United States Attorney's Office in Camden, New Jersey.  Plaintiff also enclosed an unsigned summons addressed to Defendant Silver.

On June 30, 2006, Defendant Martinez moved to dismiss the complaint because Plaintiff failed to effect service upon her. On August 1, 2006, Plaintiff submitted papers opposing Defendant Martinez's motion to dismiss.

## II.  Standard

Although courts must construe pro se complaints liberally in

favor of plaintiffs, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992), courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure, <u>Adams v. AlliedSignal Gen. Aviation Avionics</u>, 74 F.3d 882, 886 (8th Cir. 1996) (holding that where defendant is improperly served, district court lacks jurisdiction over defendant regardless of whether defendant had actual notice of lawsuit); <u>Eastman Kodak Co. v. Studiengesellschaft Kohle mbH</u>, 392 F. Supp. 1152, 1154 (D. Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."). Consequently, even with the relaxed treatment accorded pro se plaintiffs, the Court has no power to adjudicate a suit over defendants who have not been served. <u>Jones v. Frank</u>, 973 F.2d 872 (10th Cir. 1992) (upholding dismissal of pro se suit for insufficient service of process); <u>Townsel v. Contra Costa County,</u> 820 F.2d 319 (9th Cir. 1987) (same).

**III. Defendant's Motion to Dismiss for Failure to Serve Process**

Defendant Martinez moves to dismiss Plaintiff's complaint because Plaintiff failed to serve process pursuant to Federal Rules of Civil Procedure 4(i)(1) and 4(i)(2)(B). Specifically, Defendants allege that Plaintiff failed to serve Defendant Martinez with a summons.  In addition, Defendant Martinez argues

4

that Plaintiff failed to serve the United State Attorney with a

complete summons, signed by the clerk and impressed with the

court's seal.

Federal Rule of Civil Procedure 4(i)(2)(B) provides

that service upon

> an officer or employee of the United States sued in an
> individual capacity for acts or omissions occurring in
> connection with the performance of duties on behalf of
> the United States . . . is effected by serving the United
> States in the manner prescribed by Rule 4(i)(1) and by
> serving the officer or employee in the manner prescribed
> by Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(2)(B).  Importantly, Rules 4(e), (f), and

(g) do not permit service by certified mail.

Rule 4(i)(1) provides that

> [s]ervice upon the United States shall be effected . . .
> by delivering a copy of the summons and of the complaint
> to the United States attorney for the district in which
> the action is brought . . . or by sending a copy of the
> summons and of the complaint by registered or certified
> mail addressed to the civil process clerk at the office
> of the United States attorney and . . . by also sending
> a copy of the summons and of the complaint by registered
> or certified mail to the Attorney General of the United
> States at Washington, District of Columbia.

Fed. R. Civ. P. 4(i)(1).

If proper service is not made within 120 days of filing the

complaint, the action is subject to dismissal, without prejudice,

or the court may "direct that service be effected within a

specified time . . . ." Fed. R. Civ. P. 4(m).

Before dismissing a suit for insufficient service of

process, the court should first "determine whether good cause

exists for an extension of time." <u>Petrucelli v. Bohringer &</u>
<u>Ratzinger</u>, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause
requires "a demonstration of good faith on the part of the party
seeking an enlargement and some reasonable basis for
noncompliance within the time specified in the rules." <u>MCI</u>
<u>Telecomm. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1097 (3d
Cir. 1995) (holding that "good cause" is the same standard as
"excusable neglect" under Rule 6(b)(2)) (citing <u>Petrucelli</u>, 46
F.3d at 1312). "The burden of establishing excusable neglect is
upon the appellant, even one proceeding pro se." <u>Kersh v.</u>
<u>Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting <u>Birl v.</u>
<u>Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted)).

A pro se litigant's ignorance of the rules does not
constitute good cause sufficient to excuse a failure to timely
serve process. <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir.
1988) ("To hold that a pro se litigant's ignorance of [the Rules]
excuses his compliance with the [Rules] would automatically
excuse his failure to serve his defendants timely."); <u>Townsel v.</u>
<u>County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987) ("To
hold that complete ignorance of Rule 4 . . . constitutes good
cause for untimely service would allow the good cause exception
to swallow the Rule.").

Plaintiff's failure to properly effect service is
unreasonable under the circumstances. Plaintiff commenced this

suit on July 16, 2004. This Court granted two extensions of time for Plaintiff to effect service.  Moreover, this Court provided a tutorial on what the Rules require in its Order dated May 15, 2006.  Plaintiff served Defendant Martinez with incomplete summons by certified mail.  Plaintiff also served the United States Attorney with an incomplete summons. This is clearly insufficient under Rule 4.  Accordingly, this Court now finds that Plaintiff lacks good cause for his failure to effect service and the complaint will be dismissed pursuant to Rule 4(m).

**IV.  Conclusion**

The Court grants Defendant Martinez's motion to dismiss the complaint.

Dated:3/2/2007                    s/Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge